

# The Attorney General of Texas

August 13, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John L. Hutchison
Hansford County Attorney
P. O. Box 506
Spearman, Texas    79081

Opinion No. JM-191

Re:   Whether   a   county   may
lease a building to a district
appraisal office for a nominal
consideration

Dear Mr. Hutchison:

You have requested our opinion as to whether Hansford County may purchase land for the construction of an office building to be leased to the Hansford County Appraisal District. You have informed us that the appraisal district has proposed a contract whereby the county would construct an office building and lease it to the appraisal district under a lease-purchase agreement. The building would be constructed with county funds at an approximate cost of $125,000, for the sole purpose of providing office space to the appraisal district. You ask whether the county is authorized to enter into such a contract.

The Interlocal Cooperation Act, article 4413(32c), V.T.C.S., permits local governments to contract among themselves for governmental services "which all parties to the contract are legally authorized to perform." Sec. 4(b). The Interlocal Cooperation Act in itself does not confer upon a governmental body any additional substantive authority to perform particular acts. Thus, we must look to substantive law to determine whether the county is authorized to enter into the contract at issue here.

An appraisal district is a political subdivision responsible for appraising property values for the use of every taxing unit within the appraisal district's boundaries, which generally coincide with county lines. Although a number of statutes authorize a commissioners court to provide office buildings for county purposes and to lease the unneeded portions to private persons or to other public agencies, the statutes do not permit a county to construct a facility for the sole use of another political subdivision, regardless of whether the county is adequately compensated for the cost of construction.

A commissioners court is required to provide and to keep in repair "all necessary public buildings." V.T.C.S. art. 2351(7). Article 1603, V.T.C.S., provides that the commissioners court shall "provide a court house and jail for the county, and offices for county

officers."  Appraisal district officials are not county officers and thus are not entitled to office space provided by the county under this statute.

Article 2370, section 1, V.T.C.S., permits the commissioners court to provide buildings at the county seat other than the courthouse "for carrying on such other public business as may be authorized by the Commissioners Court."  This statute also authorizes the commissioners court to lease or rent any part of these buildings not necessary for public use.  Article 2370b, V.T.C.S., authorizes the county to "purchase" or "construct" office buildings "to properly house all county and district offices and all county and district courts" whenever the commissioners court "determines that the county courthouse is not adequate" for that purpose.  In our opinion, the context of article 2370b clearly indicates that the term "district" refers to judicial district rather than to a "district" of any kind whatsoever.  Thus, article 2370b does not authorize the purchase or construction of office buildings for the purpose of housing officials of an appraisal district.

A commissioners court has only those powers specifically conferred by statute.  Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948).  In Attorney General Opinion O-1952 (1940), this office held that the county's authority to provide necessary public buildings under article 2351 did not empower the county to pay for the construction of a building to be rented to the Texas National Guard and other non-county governmental agencies.  On the basis of this decision, we conclude that a commissioners court is not authorized to purchase land and provide for the construction of a building for the sole purpose of providing office space to an appraisal district.

Of course, if the county were to purchase land and construct an office building for legitimate "county purposes," it could then lease unused space in that building to the appraisal district.

## S U M M A R Y

A county is not authorized to purchase land and construct a building solely for use of an appraisal district.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton